## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COY SIMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-05750** |
| **MARLIN GUSMAN, SHERIFF, WARDEN LECOUR,** | **SECTION  "N" (4)** |
| **CPT. ANDREW JENKINS, LT. MICHAEL PITMAN,** | |
| **LT. WINNFIELD, AND SGT. BROWN,** | |
| **IN THEIR INDIVIDUAL CAPACITIES** | |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.      **Factual Summary**

A.      **The Complaint**

The plaintiff,   Coy Simpson ("Simpson"), is an inmate presently incarcerated in the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.  He filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, Warden Lecour, Captain Andrew Jenkins, Lieutenant Michael Pitman, Lieutenant Winnfield and Sergeant Brown.  Simpson alleges that the defendants failed to timely evacuate him

from the Orleans Parish Prison ("OPP") in August of 2005, when Hurricane Katrina struck the City of New Orleans.  He further complains that Sheriff Gusman failed to order the evacuation of the prison prior to the storm.

Simpson alleges that he was transferred from LSP to tier D-2 of the second floor of the OPP in August of 2005.  He claims that at 11:15 p.m. on Saturday, August 27, 2005,[1] before Hurricane Katrina, there was a power outage at OPP which left the inmates with no ventilation.  He states that the next morning, there was no roll call or food provided because, in an anticipation of the storm, all but five employees at the prison abandoned their posts.  He also complains that, from August 27 to Wednesday, August 31, 2005, before the inmates were rescued, they were left without water, food, or restroom facilities.[2]  As a result, he alleges, the tier smelled like urine and feces.  He also claims that the lack of food left the inmates weak and unable to summon help.

He also complains that, by Monday morning, the bottom floor of the jail began to flood.  The guards began moving inmates up to the second floor which caused his tier to become crowded.  He states that, on the morning of August 30, 2005, Captain Jenkins appeared on the tier to advise the inmates that they would be rescued.  He further alleges that, on the day of the rescue, he was taken by boat to the Broad Street bridge where he was given a sandwich and a bottle of water.  He remained there several hours awaiting transportation.

---

[1]Simpson erroneously refers to this as Saturday, August 25.  The Saturday before Hurricane Katrina was Saturday, August 27.

[2]Simpson later exaggerates the events to suggest that the inmates had no food or water after Friday, August 26, 2005.  This contradicts the remainder of his allegations suggesting that the poor conditions began after 11:15 p.m. on Saturday, August 27, 2005, and food and water became unavailable on or after the morning of August 28, 2005.

Simpson further alleges that the defendants Jenkins, Pittman, and Winnfield, were unit supervisors who did nothing to assist the inmates.  Although he identifies Sergeant Brown as the unit officer, he has not alleged any actions or inactions by this defendant.  He also complains that Sheriff Gusman and Warden LeCour did not issue an order or instructions to evacuate the prison.  Simpson therefore seeks sanctions and punitive damages against the defendants.

## II.    Standards of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or

clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

## III.   **Analysis**

### A.   **The Defendants as Supervisory Officials**

Under a broad reading, Simpson alleges that the defendants Jenkins, Pittman, and  Winnfield, failed to assist the inmates during the period he claims the inmates were abandoned in the jail.  He also has named Sheriff Gusman and Warden LeCour because they were prison officials and did not order an evacuation of the prison.  He also lists Sergeant Brown as a unit supervisor but does not indicate any other basis for having named him as a defendant.

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted).  "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under § 1983. However, supervisory officials, like the defendants Sheriff Gusman, Warden LeCour, Sergeant Brown, Captain Jenkins, and Lieutenants Pitman and Winnfield, can not be held liable pursuant to § 1983 under any theory of *respondent superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A & M University,* 168 F.3d 196, 200 (5th Cir.1999); *see*

*also Baskin v. Parker,* 602 F.2d 1205, 1210 (5th Cir.1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation. *Douthit v. Jones,* 641 F.2d 345 (5th Cir.1981); *see also Watson v. Interstate Fire & Casualty Co.,* 611 F.2d 120 (5th Cir.1980).

In this case, Simpson does not allege that any of the defendants were  personally involved in the unfortunate conditions of his confinement caused by Hurricane Katrina.  In fact, the only personal involvement alleged was that of Captain Jenkins, who announced to the inmates that they would be rescued, something Simpson desired.  Otherwise, there is no indication by Simpson that any of the officials personally and intentionally denied him access to more comfortable conditions or in any way intentionally violated his constitutional rights.

Furthermore, to the extent Simpson claims that Sheriff Gusman or any of the other defendants acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous.  Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986).  Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment.  *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994)

("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

Instead, as discussed above, an official must act with deliberate indifference to be liable under § 1983.  An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).  "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm."  *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).  In this case, Simpson has made no such showing nor has he asserted such an allegation of an intentional indifference by the defendants.

In addition, Simpson has also failed to show that the temporary conditions caused by Hurricane Katrina violated his constitutional rights.  To prove that the conditions of his confinement violated the Constitution, an inmate must show, "that, from an objective standpoint, [they] denied him the minimal measure of necessities required for civilized living".  *Farmer*, 511 U.S. at 834.  An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs.  *Hare*, 74 F.3d at 633.  Simpson has not done so.

Furthermore, federal courts have repeatedly held that the Constitution does not mandate that prisons provide comfortable surroundings or commodious conditions.  *Talib*, 138 F.3d at 215.  For these reasons, a short term sanitation restriction or problem, although admittedly unpleasant, does

not amount to a constitutional violation.  *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir.

1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Illinois State Corr. Ctr.*,

890 F. Supp. 715, 720 (N.D. Ill. 1995).

Simpson has not alleged that the defendants personally acted with deliberate indifference to

his safety, any specific medical need, or to the sanitation of the prison during the unprecedented

events and temporary conditions resulting from Hurricane Katrina.  Simpson recognizes that the

officials realized the risk of harm caused by the rising waters and successfully evacuated the inmates

from the prison, albeit under difficult and unpleasant circumstances.

Having failed to make this initial showing, Simpson's claims must be dismissed as frivolous

and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C.

§ 1915(e)(2) and Title 42 U.S.C. § 1997e(c)(1).

**B.**     **No Physical Injury**

Furthermore, Simpson  has failed to allege any injury resulting from his experience in the

prison or during the evacuation. Under Title 42 U.S.C. § 1997e(e), an inmate cannot recover for

"mental and emotional injury suffered while in custody without a prior showing of physical injury."

The United States Fifth Circuit, in interpreting this provision, has held that the phrase "physical

injury" in § 1997e(e) means an injury that is more than *de minimis*, but it need not be significant.

*Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003) (quoting *Harper*, 174 F.3d at 719

(quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (where the Fifth Circuit first set

forth its § 1997e(e) definition of physical injury).  In *Alexander*, the Fifth Circuit held that vomiting

and nausea were *de minimis* injuries and were therefore insufficient for recovery under § 1997e(e)).

*Alexander*, 351 F.3d at 631.  Simpson alleged that some inmates, not himself, suffered similar

symptoms when crowded onto the second floor of the prison.  This does not entitle him to relief under § 1983.

Therefore, Simpson's claims are based on emotional not physical damages and must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e)(2) and Title 42 U.S.C. § 1997e(c)(1).

**IV.**     **Recommendation**

**IT IS THEREFORE RECOMMENDED** that Simpson's § 1983 claims against the defendants, Sheriff Marlin Gusman, Warden LeCour, Captain Andrew Jenkins, Lieutenant Michael Pitman, Lieutenant Winnfield and Sergeant Brown, in their individual capacities, be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915 and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 28th day of April, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**