UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COY SIMPSON | CIVIL ACTION |
| VERSUS | NO. 06-5750 |
| MARLIN GUSMAN, SHERIFF, WARDEN LECOUR, CPT. ANDREW JENKINS, LT. MICHAEL PITMAN, LT. WINNFIELD, AND SGT. BROWN, IN THEIR INDIVIDUAL CAPACITIES | SECTION "N" (4) |

### ORDER AND REASONS

Before the Court is a "**Motion for Leave to File and Amend Complaint**" (**Rec. Doc No. 10**) filed by the plaintiff, Coy Simpson. Simpson seeks leave to file an amendment to his *pro se* complaint filed pursuant to Title 42 U.S.C. § 1983. He requests the opportunity to clarify his claims in light of dismissal recommended in the Report and Recommendation issued by the undersigned Magistrate Judge on April 28, 2008.[1] The Report and Recommendation was issued after a thorough review of the record and recommended the dismissal of Simpson's claims as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.[2]

---

[1] Rec. Doc. No. 5.

[2] *Id.*

In a separate pleading filed May 15, 2008, Coy moved for and was granted an extension of time until June 15, 2008, to file objections to the Report and Recommendation.[3] Coy did not file objections or seek additional time to do so. Consequently, on July 9, 2008, the District Court adopted the Report and Recommendation and issued an Order and Judgment on July 9 and 10, 2008, respectively, dismissing Simpson's claims with prejudice as frivolous and otherwise for failure to state a claim for which relief can be granted.[4]

In the meantime, Coy submitted the instant motion alleging that he should be allowed to amend his complaint to "overcome any deficiency which may exist" in light of the findings made in the Report and Recommendation.[5] In other words, Coy seeks to amend his complaint to circumvent the objection process and to "remedy" the shortcomings in his claims. He also argues that he should be allowed to amend or be provided with a *Spears* Hearing at which to expound upon his claims.

Coy's decision not to file objections within the extended time period granted to him resulted in the ultimate dismissal of his claims. At this juncture, he is left with the remedy of appeal, limited as it may be because of the lack of objection. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

In addition, Coy has failed to establish that he is entitled to amend his complaint under Fed. R. Civ. P. 15 or to the benefit of a *Spears* Hearing. First, Coy has no right to expect a *Spears* Hearing.

---

[3] Rec. Doc. Nos. 6, 7.

[4] Rec. Doc. Nos. 8, 9.

[5] Rec. Doc. No. 10.

In *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), the United States Fifth Circuit Court of Appeals encouraged the district courts to flesh out the conclusory statements found in *pro se* pleadings, using interrogatories as well as evidentiary hearings to do so, prior to deciding whether a prisoner stated a cognizable claim. Furthermore, even if a claim was stated, it could fail under § 1915 because of frivolousness. The latitude of the district court in screening these cases under § 1915 is broad. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The Fifth Circuit has been very clear that "[i]n *Spears*, . . . [w]e neither required nor suggested hearings to review all prisoner complaints. Nor did we suggest that every pro se complainant should be allowed to explain or amend his complaint orally." *Beck v. Lynaugh*, 842 F.2d 759, 761 (5th Cir. 1988) (*citing Green*, 788 F.2d at 1116). Thus, Coy is incorrect in his assumption that he has a right or expectation as a *pro se* prisoner to have a hearing pursuant to *Spears*.

To the contrary, where this Court finds the complaint adequate to determine whether a claim has been stated and whether that claim is frivolous, no amendment or hearing is necessary. *Green*, 788 F.2d at 1119. As indicated in the Report and Recommendation, Coy's complaint did not warrant further explanation or a hearing for the Court to conduct its statutory review under § 1915, *et seq*.

As for the request to amend the complaint by written motion, Coy has also failed to show his entitlement. Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that

the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). However, leave to amend is by no means automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Addington*, 650 F.2d at 666.

In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

In this instant case, Coy has failed to present any indication of exactly what he intends to amend into or clarify about his complaint. He has not attached a proposed amendment or indicated in the motion or memorandum any claim which would require amendment. He moves instead to amend the complaint for the sole purpose of avoiding dismissal. Not only is this a certain showing of Coy's dilatory motive behind the motion to amend, but the point is now moot in light of the judgment entered by the District Court.

Even before the judgment of the District Court was entered, the motion would have failed. The motion and memorandum make no showing that any amendment would have breathed life into Coy's frivolous claims. Coy offers no specificity by which the Court could assess the futility of the amendment. As it is, the motion is without merit.

For all of the foregoing reasons, **IT IS ORDERED** that Coy's **"Motion to File and Amend Complaint" (Rec. Doc. No. 10)** is **DENIED**.

New Orleans, Louisiana, this 15th day of July, 2008.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**